Rabbi Yitzchok **LEBLANC–STERNBERG**, Chanie Leblanc–Sternberg, Fred Walfish, Lewis Kamman, Park Avenue Synagogue, Inc., Plaintiffs,

v.

Robert **FLETCHER**, Nicholas Vertullo and Maureen Kendrick, and John C. Layne and Raymond Kane, Individually and in their capacity as Trustees of the Village of Airmont and the Village of Airmont, Defendants.

No. 91 Civ. 2550 (GLG).

United States District Court, S.D. New York.

March 16, 1994.

Larry L. Crain, Brentwood, TN, Coudert Bros. by P. Rivka Schochet, New York City, for plaintiffs.

Dorfman, McCormack, Lynch & Phillips by Dennis E.A. Lynch, Nyack, NY, Thurm &

Heller (Brian S. Sokoloff, of counsel), New York City, for defendants, Maureen Kendrick, John C. Layne, Raymond Kane, Individually and in their Capacity as Trustees of the Village of Airmont and The Village of Airmont.

McCullough, Goldberger & Staudt by Edmund C. Grainger, III, White Plains, NY, for defendants, Robert Fletcher and Nicholas Vertullo.

### MEMORANDUM DECISION

GOETTEL, District Judge.

Defendant Village of Airmont moves for judgment as a matter of law pursuant to Fed.R.Civ.P. 50(b). The plaintiffs are an Orthodox/Hasidic Rabbi, his incorporated congregation and some members thereof. The defendants, at the time the action commenced, were Trustees of the newly formed Village of Airmont. Indeed, the action was commenced within days of the Village's formation. The plaintiffs claim that the defendants cumulatively had violated their rights under the Fair Housing Act and various of their civil rights by virtue of discrimination against them as Orthodox and Hasidic Jews.

The trial of this case, which lasted a couple of months, was conducted simultaneously with the bench trial of *United States v. America v. The Village of Airmont*, 839 F.Supp. 1054 (S.D.N.Y.1993) and its Trustees, in their official capacities, 91 Civ. 2550 (GLG). Following the trial, the jury deliberated for a full week (the longest civil deliberation this court has ever experienced) on this case. At its conclusion, the jury found in favor of all of the defendants individually and in their capacity as Trustees, but as to the Village of Airmont found that it had violated plaintiffs' Fair Housing rights and conspired to violate plaintiffs' constitutional rights to the free exercise of religion and free speech. The jury, however, did not award any damages, not even the $1 nominal damages it could have awarded on the civil rights claim.

The evidence in the case concerned primarily the activities of the individual defendants in promoting the formation of the Village of Airmont. The plaintiffs sought damages and, with respect to the Village, injunctive relief dissolving it. At the time the complaint was served, the Village had just begun to exist. With a single possible exception discussed below, the Village, when sued and up to the time of the trial, had done nothing to the plaintiffs. While the plaintiffs arguably made out a case under certain of their causes of action against some of the defendants, they proved nothing with respect to the actions of the Village *qua* Village. Consequently, the jury's verdict seemed quite internally contradictory. Moreover, it clearly appeared to be a compromise verdict as it related to the Village.[1]

 Directly after the jury reached its verdict, the court issued its 34 page opinion on the bench trial of the case brought by the United States Government, finding for the Village and its Trustees. The facts recited in that opinion, as well as the legal conclusions reached therein, are hereby made a part of this decision as if set forth herein in full. The decision focused on the fact that the Village had not taken any significant action with respect to the claimed unfair housing and anti-religious practices.[2] The Government's response, in essence, was that it had not done so simply because of the existence of the litigation against it and that in light of the prejudices of the individual defendants in this case (and certain of their successors), it might well do so in the future. We pointed out, *inter alia*, that, while zoning regulations and their interpretations could be, under some circumstances, unconstitutional and violations of the Fair Housing Act, such acts had not yet occurred and, indeed, might never occur. Consequently, there was no basis for injunctive relief at this time.

The same reasoning which lead us to conclude that the Government had not proved

---

1. The court reached this conclusion prior to reading the newspaper reports of statements by jurors confirming the rendering of a compromise verdict. Needless to say, the newspaper reports are given no weight whatever in this decision.

2. The Government's causes of action involved more than these plaintiffs and their congregation. Much of the proof concerned a Rabbi Friedman and his congregation, whose situation differed from the plaintiffs'.

the case against the Village of Airmont in its action also leads us to conclude that there was no possible basis for the jury's verdict against the Village. Plaintiff Park Avenue Synagogue, Inc. had obtained zoning approval for its services and operations before this action was commenced. The Village took no steps whatever to impede their religious worship.

■ The only thing the plaintiffs can point to as an act of the Village was the adoption of the zoning code in January of 1993, almost two years after the commencement of this action. The adoption of the zoning code did not result in any amendment to the complaint of this action. Furthermore, no action has been taken as to the plaintiffs (or any other synagogue) under the newly adopted code. These plaintiffs, like the Government, argue that the Airmont zoning code, while quite similar to the pre-existing Town of Ramapo code, had a couple of changes in it which suggest a likelihood that, if the issue comes before them, the Airmont Planning Board and Zoning Board would not adopt the Ramapo solution with respect to home synagogues (known as "shteebles").[3] Even if this proves to be the case, it can have no impact on these plaintiffs, who have already gotten their zoning permission and who would be, at worst, a non-conforming use under the new zoning law.

The plaintiffs also argue that the existence of the Village has a "chilling effect" on their protected class. However, 33 new Orthodox Jewish families moved in to the Park Avenue area, following the formation and operation of the Village. Consequently, we can see no basis in fact or law for the jury's verdict.

■ The trial court has the right to enter a judgment overturning a jury's verdict. *Berry v. U.S.*, 312 U.S. 450, 61 S.Ct. 637, 85 L.Ed. 945 (1941). Indeed, where reasonable minds cannot differ as to the facts a motion for judgment as a matter of law must be granted. *Pratt v. Liberty Mutual Insurance Co.*, 952 F.2d 667 (2nd Cir.1992). The plain-

tiffs claim that the court cannot exercise this power since it has previously denied such a motion and that denial is the law of the case. This court did not deny such a motion. We reserved on the motions at the conclusion of evidence. Following the jury's verdict, we indicated that there did not appear to be any need to set aside the jury's verdict since no injunctive relief would be granted, but we stated that if we were compelled to enter some form of relief we would alternatively grant the Rule 50 application on which we were reserving decision. Thereafter, the plaintiffs tendered a proposed judgment calling for them to receive $1 in nominal damages, which might also have entitled them to attorney's fees. The court instead entered a judgment reciting the verdict as returned by the jury without injunctive relief or the nominal damages.[4]

We thought at that time that, subject to appeal, the verdict could be left as it was. However, the plaintiffs applied for a substantial amount of costs against the Village, which were awarded in part. (The Village moves to review those costs in the approximate amount of $13,000 but in view of the decision here, no costs can be assessed against the Village.) Under these circumstances, we must address the motion for judgment as a matter of law on which we have previously reserved decision and, as indicated, we believe it must be granted since, "without weighing the credibility of the witnesses or otherwise considering the weight of the evidence, there can be but one conclusion as to the verdict that reasonable [persons] could have reached." *Simblest v. Maynard*, 427 F.2d 1, 4 (2d Cir.1970).

It is ordered that judgment be entered for The Village of Airmont as a matter of law and the costs assessed withdrawn.

SO ORDERED.

---

3. The Town of Ramapo has interpreted the exception for home professional offices to allow a clergyman to not only use his home'as an office but also to conduct religious services there, provided the number of congregants is not too large. This interpretation has not yet been challenged in court.

4. Plaintiffs argue that where a jury finds a civil rights violation it *must* award at least nominal damages of one dollar. In light of the decision on this motion, the issue is moot.